IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELISABETH JULIEN and KAYLA
SABIN, on behalf of themselves and
those similarly situated,

    Plaintiffs,

vs.

FENIX NAPLES, LLC d/b/a
RODIZIO GRILL, and VALENTINO
ARENAS, Individually,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiffs, ELISABETH JULIEN and KAYLA SABIN ("Plaintiffs"), on behalf of themselves and other employees and former employees similarly situated, sue Defendants, FENIX NAPLES, LLC d/b/a RODIZIO GRILL ("RODIZIO") and VALENTINO ARENAS ("ARENAS") (collectively "Defendants"), and states:

**NATURE OF ACTION**

1. This is an action for minimum wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*("FLSA"), and minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution and Fla. Stat. § 448.110.

2. Plaintiffs allege that Defendants violated 29 U.S.C. § 206 of the FLSA, the Florida Minimum Wage Amendment, Article X, §24 of the Florida

Constitution and Fla. Stat. § 448.110 by requiring Plaintiffs and other similarly situated employees to participate in an unlawful tip pool which directly and indirectly diverted tips to managers or supervisors.

3. Plaintiffs also allege that Defendants violated 29 U.S.C. § 206 of the FLSA, the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution and Fla. Stat. § 448.110 by improperly applying the tip credit to Plaintiffs' non-tipped, dual job work.

## PARTIES

4. Plaintiffs JULIEN and SABIN are residents of Lee County, Florida, in the Middle District of Florida.

5. Defendant RODIZIO is a Utah Limited Liability Company registered with the Florida Division of Corporations with its principal place of business, according to Sunbiz, located at 8017 Plaza Del Lago Dr., Ste. 101, Estero, FL 33928.

6. Defendant ARENAS is an individual who, upon information and belief, resides in Lee County, Florida. Defendant ARENAS is the General Manager of Defendant RODIZIO's Estero, Florida restaurant located at 8017 Plaza Del Lago Dr., Ste. 101, Estero, FL 33928.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

8. The Court has supplemental jurisdiction over Plaintiffs' FMWA claims under 28 U.S.C. § 1367 because the supplemental claims are so related to the FLSA

claim that they form part of the same case or controversy under Article III of the United States Constitution.

9. The Middle District of Florida, Fort Myers Division, is the proper venue because Defendant's principal place of business is in Estero, Florida, and this is where Defendants employed Plaintiffs and other similarly situated employees.

## FLSA COVERAGE

*Enterprise Coverage*

10. At all times material to this action, Defendants were Plaintiffs' "employer," and Plaintiffs were an "employee" of Defendants within the meaning of the FLSA.

11. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

12. At all times material, Defendants had gross sales volume of at least $500,000 annually.

13. At all times material, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA.

*Individual Coverage*

14. At all times material hereto, Plaintiffs were "engaged in commerce" and were subject to individual coverage under the FLSA.

15. At all times material hereto, the work performed by the Plaintiffs was essential to the business conducted by Defendants.

16. The products and materials that Plaintiffs used on a regular and recurrent basis,

which were supplied to them by Defendants to use on the job, moved through interstate commerce.

17. To further Defendants' business purpose, Plaintiffs regularly communicated with out-of-state customers, prospective customers, vendors, and suppliers.

*Individual Liability – Defendant ARENAS*

18. At all times material hereto, Defendant ARENAS was the General Manager of Defendant RODIZIO's Estero, Florida restaurant.

19. At all times material, ARENAS regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of the restaurant.

20. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations, ARENAS is an employer as defined by 29 U.S.C. § 201, *et. Seq.*

## FACTS

21. Defendant RODIZIO operates Brazilian Steakhouse restaurants, including one in Coconut Point Mall, located at 8017 Plaza Del Lago Dr., Ste. 101, Estero, FL 33928.

22. The Coconut Point restaurant is managed by the General Manager Defendant ARENAS.

23. At the Coconut Point location, Defendants employ approximately 15 servers and 15 gauchos[1] at any given time.

24. Mr. Arenas' wife, Adella Arenas is the Kitchen Manager. The Arenas' two children, Katie and Jordy, work at the restaurant as servers/gauchos and supervisors.

25. Defendants hired Plaintiff JULIEN as a server on or around October 2017. Plaintiff Julien became a bartender in 2018. She became a "supervisor" in 2019. Plaintiff Julien held this position until her separation from employment in May 2025.

26. Plaintiff SABIN was hired as a server in or around 2019. She remained employed in that role until May 27, 2025.

27. Plaintiffs and the other similarly situated employees are paid a direct hourly wage by Defendants, and they also receive tips from patrons. Specifically, Defendants pay the servers, bartenders, and gauchos the Florida minimum wage less the tip credit of $3.02 per hour. As of February 2025, individuals in a "lead" capacity receive $12.00 per hour plus tips and "supervisors" receive $16.00 per hour plus tips.

28. Defendants require Plaintiffs and the other similarly situated employees to pool the tips. Defendants tell the Plaintiffs and other similarly situated employees that the tip pool includes servers, bussers, gauchos, and bartenders. Defendants

---

[1] In a Brazilian steakhouse, a "gaucho" is a server who brings large skewers of fire-roasted meat directly to the table.

5

do not provide additional information regarding the distribution among the employees or how the tip outs are calculated. Due to this lack of transparency, the tip pooling at Defendants' Coconut Point restaurant, as well as other restaurants within the company, is the subject of many complaints from the tipped staff.[2]

29. Defendants' tip pool was unlawful because it included "managers and supervisors," including Defendant ARENAS, the General Manager. As the General Manager, Mr. Arenas duties matched those of an executive employee under 29 CFR § 541.100(a)(2) through (4) or § 541.101, including hiring, firing, scheduling, ordering, and oversight of the restaurant. Mr. Arenas primary duty was management.

30. Mr. Arenas would keep cash tips, but then never distribute the funds. He would also divert larger shares of the tip pools to his children, indirectly keeping them for himself or his own benefit. Finally, upon information and belief, Mr. Arenas would distribute portions of the tip pool to names/aliases of individuals that did not work for the restaurant or in a tipped occupation at the restaurant.

31. Plaintiffs and the other similarly situated employees were required to perform deep cleans of the restaurant.

---

[2] Plaintiffs are aware of at least one written complaint submitted by a tipped employee to Defendants regarding this issue in or around January 2025. Other complaints are accessible online. *See e.g.,* simplyhired.com/browse-jobs/companies/Rodizio-Grill ("You're told you tip the bar, the gauchos (meat carvers), etc. which is all totally normal and should definitely be done. HOWEVER, they had some system in place that never showed you on your print out exactly what went to who."

32. This deep clean work occurred after hours and outside the presence of patrons. This included: moving tables, mopping the floor, running a "zamboni" type machine to clean the floor, cleaning the server station, wiping down the menus and check books, cleaning the walls, cleaning the bathrooms, taking down and cleaning the patio furniture, taking apart and cleaning the coffee and soda machines, squeegee the bar area, and cleaning supply cabinets.

33. All conditions precedent to this lawsuit have occurred, been performed, or have been waived.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs and the putative class members are current and past employees of Defendants' defined as follows:

    **All bartenders, servers, and gauchos who worked for Defendants at any time in the three (3) years preceding the filing of the Complaint and (a) who were paid less than minimum wage due to participating in an unlawful tip pool, and/or (b) who were paid less than minimum wage due to performing dual jobs.**

35. Plaintiffs bring Counts I and II of this lawsuit as a collective action on behalf of all individuals who fall into the above class definition.

36. Plaintiffs and the putative class members performed the same or similar job duties.

37. Plaintiffs and the putative class members performed the same or similar dual job duties.

38. Plaintiffs and the putative class members were paid under the same compensation structure. Plaintiffs and the putative class members were paid by

the hour plus tips, which were required to be pooled and shared with managers or supervisors.

39. Plaintiffs and the other similarly situated employees are owed minimum wages and tips as a result of participating in an unlawful tip pool.

40. Plaintiffs and the other similarly situated employees are owed their tips that were unlawfully retained by Defendants.

41. Plaintiffs and the other similarly situated employees are owed minimum wages for the time spent deep cleaning the restaurant and not in their tipped occupation.

42. The common policy or practice resulting in the FLSA violations uniformly applied to Plaintiffs and the similarly situated employees.

## CLASS ACTION ALLEGATIONS

43. Plaintiffs bring Count III and IV of this lawsuit on their own behalf and on behalf of the following class:

    **All bartenders, servers, and barbacks who worked for Defendants at any time in the five (5) years preceding the filing of the Complaint and who were paid less than the applicable Florida minimum wage due to (a) who were paid less than minimum wage due to participating in an unlawful tip pool, and/or (b) who were paid less than minimum wage due to performing dual jobs.**

44. Upon information and belief, the number of class members is in excess of 100 individuals. Accordingly, joinder of its members is impracticable. Defendants have the records necessary to identify all class members and to calculate their recoveries.

45. The named Plaintiffs are members of the class and share with the class common questions of law and fact, including whether Defendants required them to participate in an unlawful tip pool and whether Defendants failed to pay them minimum wages and tip compensation.

46. The claims of the named Plaintiffs are typical and representative of the claims of the class they seek to represent. The named Plaintiffs have suffered the same type of financial losses as other class members.

47. Plaintiffs will fairly and adequately represent the class. There are no conflicts that compromise their ability to represent the class and they have retained experienced lawyers who are well versed in wage and hour and class action litigation.

48. Common questions predominate in this dispute and a class action is the superior way to resolve this dispute.

## STATEMENT OF CLAIMS

### COUNT I: VIOLATION OF 29 U.S.C. § 206 (UNLAWFUL TIP POOL)

49. Plaintiffs incorporate paragraphs 1-48 as though fully set forth herein.

50. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

51. Only employees who customarily and regularly receive tips may share in a tip pool. Managers and supervisors—who have hiring, firing, scheduling, and other managerial responsibilities—cannot take a share.

52. 29 U.S.C. § 203(m)(2)(B) provides:

   > An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

53. The interpretative regulations go on to define which "managers or supervisors" are prohibited from participating in the tip pool:

   > For purposes of section 3(m)(2)(B), the term "manager" or "supervisor" shall mean any employee whose duties match those of an executive employee as described in § 541.100(a)(2) through (4) or § 541.101.

   29 CFR § 531.52(b)(2).

54. The Act provides that "[a]ny employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

55. As a result of Defendants' unlawful tip pool, Plaintiffs and the other similarly situated employees were paid below the applicable minimum wage for work hours and had their tip compensation improperly withheld.

56. Defendants' actions in establishing and requiring participation in an unlawful tip pool and failing to pay Plaintiffs all minimum wages and tips were unreasonable, willful, and in bad faith.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. Judgment in their favor for all unpaid minimum wages and tip compensation due or payable,

b. Liquidated damages,

c. Attorney fees and costs pursuant to the FLSA, and

d. Any other relief this Court deems to be just and proper.

## COUNT II: VIOLATION OF 29 U.S.C. § 206
## (DUAL JOBS)

57. Plaintiffs incorporate paragraphs 1- 48 as though fully set forth herein.

58. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

59. 29 C.F.R. §56(e) *Dual jobs* provides:

> In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

60. Plaintiffs and the other similarly situated employees were required to perform untipped work which included but was not limited to deep cleans of the

restaurant. This work occurred after hours and was unrelated to their job servicing patrons.

61. Defendants improperly took the tip credit by paying Plaintiffs and the other similarly situated employees at a rate lower than the minimum wage for work performed in their untipped dual jobs.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. Judgment in their favor for all unpaid minimum wages and tip compensation due or payable,

b. Liquidated damages,

c. Attorney fees and costs pursuant to the FLSA, and

d. Any other relief this Court deems to be just and proper.

## COUNT III
## VIOLATION OF ARTICLE X, §24 FLORIDA CONSTITUTION

62. Plaintiffs incorporate paragraphs 1-48 as though fully set forth herein.

63. Under Article X, §24 of the Florida Constitution and Fla. Stat. § 448.110, Defendants were required to pay Plaintiffs at least the applicable Florida minimum wage.

64. As stated above, Defendants required Plaintiffs and other putative class members to participate in an unlawful tip pool, resulting in Plaintiffs being paid less than the statutory minimum wage for all hours worked.

65. Defendants' actions in establishing and requiring participation in an unlawful tip pool and failing to pay Plaintiffs all minimum wages and tips were unreasonable, willful, and in bad faith.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. Judgment in their favor for all unpaid minimum wages and tip compensation due or payable,

b. Liquidated damages,

c. Attorney fees and costs pursuant to Article X, §24 of the Florida Constitution, and

d. Any other relief this Court deems to be just and proper.

## COUNT III
## VIOLATION OF ARTICLE X, §24 FLORIDA CONSTITUTION

66. Plaintiffs incorporate paragraphs 1-48 as though fully set forth herein.

67. Under Article X, §24 of the Florida Constitution and Fla. Stat. § 448.110, Defendants were required to pay Plaintiffs at least the applicable Florida minimum wage.

68. As stated above, Defendants improperly took the tip credit by paying Plaintiffs and the other similarly situated employees at a rate lower than the minimum wage for work performed in their untipped dual jobs.

69. Defendants' actions in requiring Plaintiffs to perform dual jobs and failing to pay Plaintiffs all minimum wages and tips were unreasonable, willful, and in bad faith.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. Judgment in their favor for all unpaid minimum wages and tip compensation due or payable,

b. Liquidated damages,

c. Attorney fees and costs pursuant to Article X, §24 of the Florida Constitution, and

d. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right.

Dated: October 7, 2025

                                      Respectfully submitted,

                                      /s/ Jason L. Gunter
                                      Jason L. Gunter
                                      Fla. Bar No. 0134694
                                      Email: Jason@GunterFirm.com
                                      Conor P. Foley
                                      Fla. Bar No. 111977
                                      Email: Conor@GunterFirm.com
                                      Peter M. Jennings
                                      Fla. Bar No. 1054512
                                      Email: Peter@GunterFirm.com
                                      **GUNTERFIRM**
                                      2165 W. First St., #104
                                      Fort Myers, FL 33901
                                      Tel: 239.334.7017